UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY MILLS, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 21-CV-0479-CVE-JFJ |
| CSAA GENERAL INSURANCE COMPANY, | ) |
|       Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant CSAA General Insurance Company's Motion for Judgment on the Pleadings and Brief in Support (Dkt. # 13). Plaintiff Anthony Mills filed this case seeking a declaratory judgment that he is entitled to insurance coverage under a homeowner's policy he purchased from defendant CSAA General Insurance Company (CSAA) for injuries he suffered during a farming accident. Dkt. # 2-2. CSAA argues that plaintiff's insurance policy did not provide coverage for personal injuries he suffered, and CSAA asks the Court enter judgment in its favor. Dkt. # 13. Plaintiff responds that he intended to purchase insurance that would provide coverage for personal injuries he might suffer during the operation of his cattle farm, and he claims that he had a reasonable expectation of coverage under the policy. Dkt. # 17.

I.

Plaintiff alleges that he purchased a homeowner's insurance policy from CSAA "with the intent of insuring himself, his property, and his cattle operation." Dkt. # 2-2, at 1-2. Section I of the the policy provides coverage for plaintiff's dwelling and structures on the property, and Section II

of the policy provides liability coverage to plaintiff. The parties' dispute in this case concerns only the liability section of the policy, and the relevant part of the policy states:

> **A. Coverage E – Personal Liability**
>
> If a claim is made or suit is brought against any "insured" for "damages" because of "bodily injury", "personal injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the "damages" for which any "insured" is legally liable . . .
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent . . . .

Dkt. # 13-1, at 60. "Bodily injury" is defined as "physical harm, sickness, or disease suffered by a person, including death that results." Id. at 8. The policy contains exclusions to coverage for personal liability under Coverage E, including for "'[b]odily injury' or 'personal injury' to you or any 'insured' as defined under Definition C.16." Id. at 71. References to "you" or "your" in the policy refer to the "named insured shown in the Declarations" and the insured's spouse. Id. at 6. The policy contains an endorsement for Incidental Farming Personal Liability which extends Coverage E to "'bodily injury', 'personal injury' or 'property damage' arising out of the farming operations" conducted on the premises. Id. at 104. The endorsement contains three exclusions that are specific to the farming endorsement, but the endorsement expressly provides that "[a]ll other provisions of this policy apply." Id. The farming endorsement does not contain any provision extending coverage to the named insured for his or her own bodily injury, and the exclusion to coverage for bodily injury suffered by the named insured is incorporated into the farming endorsement. Id. CSAA also agreed to pay "the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing 'bodily injury,'" and

this is identified as "Coverage F" in the policy. Id. at 60-61.  Coverage F "does not apply to you or regular 'residents' of your household except "residence employees." Id. at 61.

Plaintiff alleges that he was loading cattle with the help of a farmhand, and the cattle became hyperactive during the loading process.  Dkt. # 2-2, at 2.  The farmhand backed up a trailer and plaintiff was pinned between the trailer and a barn.  Id.  Plaintiff was taken to urgent care for treatment and he was subsequently transported to Saint Francis Hospital for emergency surgery.  Id.  Plaintiff was treated for various traumatic injuries and remained in the hospital for four days.  Id.  Plaintiff retained an attorney who sent a letter to CSAA in which the attorney stated that plaintiff "has suffered and now intends to use his policies to help pay for expenses and damages." Dkt. # 2-4.  Plaintiff's attorney advised CSAA that plaintiff would be willing to settle his claim for the policy limits.  Id.  CSAA denied plaintiff's request for coverage under the policy and advised him that the liability provisions of the policy do not cover the insured for his or her own bodily injuries.  Dkt. # 2-2, at 2.  Plaintiff asked CSAA to reconsider the denial of his insurance claim, and he argued that a reasonable person would have believed that the farming endorsement covered his bodily injuries suffered during farming operations.  Id. at 3.  CSAA again denied plaintiff's claim, and plaintiff filed a declaratory judgment action in Tulsa County District Court seeking a ruling that the policy covered his claim for his own bodily injuries.  CSAA removed the case to this Court and filed a motion for judgment on the pleadings.

**II.**

Under Fed. R. Civ. P. 12(c), a party may file a motion for judgment on the pleadings after the pleadings are closed but "early enough not to delay the trial."  A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standards applicable to motions under Rule

12(b)(6). Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).

### III.

CSAA argues that plaintiff has not met his burden to show that the insurance policy covers his claims for his own bodily injuries and, even if plaintiff has met his initial burden, the policy expressly excludes coverage for bodily injuries suffered by an insured. Dkt. # 13, at 5. Plaintiff responds that he subjectively intended to purchase insurance that covered him for personal injuries he suffered during farming operations, and the exclusions relied upon by CSAA to deny his insurance claim were "buried in the more than 100 pages of the policy . . . ." Dkt. # 17, at 3.

This is a diversity case requiring the Court to construe disputed terms of an insurance policy as required by state law. See Zurich American Ins. Co. v. O'Hara Reg'l Ctr. for Rehabilitation, 529 F.3d 916, 920 (10th Cir. 2008); Houston General Ins. Co. v. American Fence Co., Inc., 115 F.3d 805, 806 (10th Cir. 1997). Under Oklahoma law, an insurance contract should be construed according to the terms set out within the four corners of the document. First American Kickapoo Operations, L.L.C. v. Multimedia Games, Inc., 412 F.3d 1166, 1173 (10th Cir. 2005); Redcorn v. State Farm Fire & Cas. Co., 55 P.3d 1017, 1020 (Okla. 2002); London v. Farmers Ins. Co., Inc., 63 P.3d 552, 554 (Okla. Civ. App. 2002). If the terms of the contract are "unambiguous, clear and consistent, they are to be accepted in their ordinary sense and enforced to carry out the expressed intention of the parties." Roads West, Inc. v. Austin, 91 P.3d 81, 88 (Okla. Civ. App. 2004). A court should not create an ambiguity in the policy by "using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on a provision." Wynn v. Avemco Ins. Co., 963 P.2d 572, 575 (Okla. 1998). A policy term will be considered ambiguous only if it susceptible to more than one reasonable interpretation. Max True Plastering Co. v. U.S. Fidelity & Guar. Co., 912 P.2d 861, 869 (Okla. 1996). If an insurance contract contains an ambiguous term, the Court may refer to extrinsic evidence to interpret the insurance policy. Gable, Simmons & Co. v. Kerr-McGee Corp., 175 F.3d 762, 767 (10th Cir. 1999) (citing Pierce Couch Hendrickson Baysinger & Green v. Freede, 936 P.2d 906, 912 (Okla. 1997)).

Plaintiff argues that the Oklahoma courts apply the doctrine of reasonable expectations when construing ambiguous or technical language in an insurance policy. The doctrine of reasonable expectations is an interpretative tool used to discern the intent of the parties "when the policy language is ambiguous or when an exclusion is 'masked by technical or obscure language' or 'hidden

in a policy's provisions.'" American Economy Ins. Co. v. Bogdahn, 89 P.3d 1051, 1054 (Okla. 2004) (quoting Max True Plastering Co, 912 P.2d at 870).  Whether policy language is ambiguous is a question of law for the court to decide, and the "test for ambiguity is whether the language 'is susceptible to two interpretations on its face . . . from the standpoint of a reasonably prudent lay person, not from that of a lawyer.'" Edens v. The Netherlands Ins. Co., 834 F.3d 1116, 1121 (10th Cir. 2016) (quoting Cranfill v. Aetna Life Ins. Co., 49 P.3d 703, 706 (Okla. 2002)).  However, courts must not "indulge in forced or constrained interpretations to create and then to construe ambiguities in insurance contracts." Broom v. Wilson Paving & Excavating, Inc., 356 P.3d 617, 628 (Okla. 2015).

      The Court will initially consider plaintiff's allegations that he intended to purchase a policy that would provide him insurance coverage for any bodily injuries he might suffer while working on his farm.  Plaintiff has cited no authority suggesting that his subjective intentions are relevant when the Court is presented with a dispute concerning the interpretation of language in an insurance policy.  Instead, the cases cited by both parties focus on ambiguous, technical, or obscure language in an insurance policy as the necessary condition for applying the doctrine of reasonable expectations, and the subjective beliefs of the insured do not permit a court to rewrite an insurance policy to find that an insurance policy covers the insured's loss.  The Oklahoma Supreme Court noted "insureds could develop a 'reasonable expectation' that every loss will be covered by their policy and courts would find themselves engaging in wholesale rewriting of insurance policies" unless the doctrine of reasonable expectations is limited to disputes over actual policy language. Max True Plastering Co., 912 P.2d at 869.  The Court will initially consider whether there is any

ambiguous policy language or some obscure or technical language upon which CSAA relies as a prerequisite to determine if the doctrine of reasonable expectations should be applied.

In this case, the parties dispute whether plaintiff can establish that he was covered by the liability provisions of his homeowner's policy. The policy provides that:

> **A. Coverage E – Personal Liability**
>
> If a claim is made or suit is brought against any "insured" for "damages" because of "bodily injury", "personal injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the "damages" for which any "insured" is legally liable . . .
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent . . . .

Dkt. # 13-1, at 60. "Bodily injury" means "physical harm, sickness, or disease suffered by person, including death that results," but bodily injury does not include "[e]motional or mental distress, humiliation or similar injury, or physical injury resulting therefrom, unless arising out of actual physical injury to the person; or . . . "[p]ersonal injury." Id. at 8. The policy defines "Personal Injury" to mean "injury arising out of one or more of the following offenses," such as false arrest or imprisonment, malicious prosecution, wrongful eviction, or defamation. Id. at 13. "Insured" is defined to include "You and 'residents' of your household who are 'family members." As to the farming endorsement, the endorsement merely extends Coverages E and F for claims of bodily injury, personal injury, or property damage "arising out of the farming operations," and the farming endorsement does not include any language suggesting that the named insured is personally covered for such injuries. Id. at 104. The definitions are stated near the beginning of the policy and the scope

of Coverage E is stated at the very beginning of Section II of the policy, and these provisions are not buried or difficult for the insured to locate if the insured attempted to review the policy.

Plaintiff states that he is not seeking to recover medical expenses under Coverage F, but he claims that he had a reasonable expectation under Coverage E that his bodily injuries were within the scope of the policy. Dkt. # 17, at 7. Under Oklahoma law, the insured has the initial burden to show that his claim is covered under the policy. Oklahoma Schools Risk Management Trust v. McAlester Public Schools, 457 P.3d 997, 1002 (Okla. 2019). Once the insured establishes that a loss is covered, the burden shifts to the insurer to establish that the loss is excluded by the policy. Id. Plaintiff claims that the personal liability section of the farming endorsement provides him coverage for his own injuries or the policy language is at least ambiguous as to coverage for his injuries. Dkt. # 17, at 7. The Court disagrees and finds that the liability provisions of the policy apply only to claims for bodily or personal injury brought by third-parties against plaintiff. The plain language of the policy states that liability coverage extends only to a "claim . . . brought against an 'insured' for damages," and the farming endorsement merely extends the policy's liability coverage to farming operations. Dkt. # 13-1, at 60, 104. Plaintiff repeatedly mischaracterizes this language as an exclusion which is "buried" in the policy, but this is simply standard policy language stating the scope of coverage under the policy. The coverage provided by this policy is consistent with the type of coverage generally provided by a liability insurance policy, and the purpose of liability policies is to "transfer financial responsibility from the policyholder to an insurer for damage caused by the policyholder's negligence." Black & Veatch Corp. v. Aspen Ins. (UK) Ltd., 882 F.3d 952, 969 (10th Cir. 2018). The Court does not find that the policy is in any way ambiguous about the scope of liability coverage, and there is no policy language cited by plaintiff suggesting that he was led to

believe that the policy covered bodily injuries he suffered. The doctrine of reasonable expectations is inapplicable, because the plain and unambiguous language of the liability provisions of the policy expressly limit coverage to claims against plaintiff by third-parties. No reasonable person could have understood that the policy provided coverage for his own injuries, and plaintiff's claim for his own bodily injury is not covered under the subject insurance policy. Even if plaintiff could meet his initial burden to establish coverage, CSAA is correct that Coverage E contains an exclusion for bodily or personal injury suffered by a named insured. Dkt. # 13-1, at 71 (excluding coverage for "'Bodily injury' or 'personal injury' to you or any insured"). CSAA properly denied plaintiff's insurance claim for his own bodily injury under the liability provisions of his homeowner's policy, and CSAA's motion for judgment on the pleadings (Dkt. # 13) is granted.

**IT IS THEREFORE ORDERED** that Defendant CSAA General Insurance Company's Motion for Judgment on the Pleadings and Brief in Support (Dkt. # 13) is **granted**. A separate judgment is entered herewith.

**DATED** this 29th day of June, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE